UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. EVANS,

    Plaintiff,                                        Case No.: 1:09-cv-1122
                                                  Honorable Janet T. Neff

vs.

58TH DISTRICT COURT

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Presently before the Court is Defendant's Motion for Dismissal under Fed. R. Civ. P 12(b)(6) (Dkt. #6), Plaintiff's Motion for Default (Dkt. #11), Plaintiff's Motion for Order of Michigan Conversion Statute (Dkt. #8), and Plaintiff's Motion for Preliminary Injunction (Dkt. #14). The Honorable Janet T. Neff referred the matter to this Court for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." (Dkt. #2). These matters were heard on March 22, 2010.

## BACKGROUND

Plaintiff describes this action as "criminal proceedings, pluval against the 58th District Court of Holland Michigan. The prejudice of the court is obvious and on record. It shows intent and proves itself." (Dkt. #1). After a careful review of Plaintiff's pleadings it appears that Plaintiff is alleging that certain individuals employed by the 58th District Court impeded his ability to pursue, file, or maintain certain legal actions.

## ANALYSIS

I.      **Federal Rule of Civil Procedure 12(b)(6)**

Defendant moves for relief pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to state a claim on which relief may be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See, Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).

To prevail on a Rule 12(b)(6) motion, Defendant must demonstrate that it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. As the Supreme Court stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. at 545.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all Plaintiff's allegations and construe the complaint liberally in Plaintiff's favor. *See, Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). Complaints filed by pro se plaintiffs are held to an "especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff is appearing in this matter without the benefit of counsel. As such, the Court has read Plaintiff's pleadings indulgently and attempted to assign to Plaintiff any arguments that find

their nexus in Plaintiff's complaint. *See, Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings"); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully (sic) plead' must be held to 'less stringent standards than formal pleadings drafted by lawyers'"). Nevertheless, for all of the reasons articulated in Defendant's Brief in Support of Its Motion for Dismissal under Fed. R. Civ. P 12(b)(6), the Court is unable to discern *any* viable federal claims within Plaintiff's complaint. Therefore, it is my recommendation that Defendant's motion to dismiss be **granted**.

**II.	Injunctive Relief**

To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether issuing the preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest. *Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000) (citations omitted).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118 (the "most single significant component" in the decision whether to grant injunctive

relief "is the court's discretion") (citations omitted).

Plaintiff is clearly requesting injunctive relief, however Plaintiff has failed to indicate what conduct or action he seeks to have enjoined. Nevertheless, the Court indulgently read his motions and pleadings and finds nothing which would permit Plaintiff injunctive relief. Also, the Court lacks jurisdiction over his claims. Therefore, it is my recommendation that Plaintiff's motion for injunctive relief be **denied**.

### III.     Default Judgement

Pursuant to Fed. R. Civ. P. 55 a trial court may enter a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983).

The Court has carefully reviewed the responses filed by Defendant and finds that they were all timely and properly filed with the Court. Therefore, there is no basis for which the Court could enter a default judgment. As such, it is my recommendation that Plaintiff's motion for default be **denied**.

### IV.     Michigan Conversion Statute

The Michigan Conversion Statute is a provision which allows victims of theft, embezzlement, or conversion to recover treble damages. M.C.L.A 600.2919(a) (2005). To be held liable for statutory conversion under Michigan law, the defendant must have known that the property

at issue was stolen, embezzled, or converted. *See, Willis v. New World Van Lines, Inc.*, 123 F.Supp.2d 380 (E.D. Mich., 2000). The treble damages remedy is applicable only against the accomplice and not the individual whom actually stole the property. *See, Campbell v. Sullins*, 257 Mich. App. 179 (2003).

The Court would only have jurisdiction over Plaintiff's state law cause of action by pendent jurisdiction. "Where a district court exercises jurisdiction over state law claims solely by virtue of pendent jurisdiction and the federal claims are dismissed prior to trial, the state law claims should ordinarily be dismissed without reaching their merits." *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992). It is my recommendation that Plaintiff's motion for order be **denied**.

## CONCLUSION

Pursuant to the above analysis, I recommend that Defendant's Motion for Dismissal under Fed. R. Civ. P 12(b)(6) (Dkt. #6) be **granted**; and that Plaintiff's Motion for Default (Dkt. #11), Plaintiff's Motion for Order of Michigan Conversion Statute (Dkt. #8), and Plaintiff's Motion for Preliminary Injunction (Dkt. #14) all be **denied** with prejudice.

Respectfully submitted,

Date: May 26, 2010      /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge