UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. EVANS,

    Plaintiff,                                       Case No.: 1:09-cv-1122
                                                   Honorable Janet T. Neff

vs.

58TH DISTRICT COURT

    Defendant.
_____/

## REPORT & RECOMMENDATION

Presently before the Court is <u>Plaintiff's Motion for Default Judgment</u>. (Dkt. #15). The Honorable Janet T. Neff referred the matter to this Court for "handling of all matters under [28 U.S.C.] § 636(a) and 636(b)(1)(A) and for submission of recommendations on dispositive motions under § 636(b)(1)(B)." (Dkt. #2).

Pursuant to Fed. R. Civ. P. 55 a trial court may enter a default judgment "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." *Id*. "Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter v. Seaboard Coastline RR*, 705 F.2d 839, 845 (6th Cir. 1983). Even when a party fails to timely respond a default judgment does not automatically issue. Prior to issuing a default judgment the court should consider whether the failure to respond was intentional and whether the other party has been prejudiced as a result of an untimely answer. *See Southern Electrical Health Fund v. Bedrock Services*, 2005 WL 1993296 at *3 (6th Cir., Aug. 16, 2005).

Plaintiff alleges that Defendant filed an illegal and untimely motion. The only motion filed by Defendant was a motion to dismiss. (Dkt. #6). There is nothing that calls into question the Defendant's ability to file this motion, nor its timeliness. Accordingly, it is my recommendation that Plaintiff's motion be **denied**.

Plaintiff also raises the argument that the Court cannot not take a matter under advisement. Plaintiff argues that the Court must issue its opinion at the immediate conclusion of the hearing. This argument is without merit. Society certainly benefits from a swift administration of justice, but justice also requires that decisions be made with a full understanding of the issues before the court. Accordingly, courts often take matters under advisement to ensure that the decision that issues is well reasoned and based on sound principals of law. As such, Plaintiff's argument that the Court may not take a matter under advisement is without merit.

Accordingly, I would recommend that Plaintiff's Motion for Default Judgment (Dkt. #15) be **denied**.

                                                          Respectfully submitted,

Date: May 26, 2010                                   /s/ Ellen S. Carmody
                                                           ELLEN S. CARMODY
                                                           United States Magistrate Judge